UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIZ D'ALLESSANDRO, JANE FREEMAN, TOD MCGRATH, JAY DRISCOLL, and MIKE NAPPI, As Trustees on behalf of the Hewitts Landing Condominium Trust,<br><br>    Plaintiffs,<br><br>v.<br><br>LENNAR HINGHAM HOLDINGS, LLC, HEWITTS LANDING TRUSTEE, LLC, LENNAR NORTHEAST PROPERTIES, INC. d/b/a LENNAR NORTHEAST URBAN, and LENNAR CORPORATION,<br><br>    Defendants. | Civil Action No. 1:17-cv-12567-IT<br><br>**Leave to File Granted on June 27, 2018 (Dkt. 45)** |
| LENNAR NORTHEAST PROPERTIES, INC. d/b/a LENNAR NORTHEAST URBAN and LENNAR HINGHAM HOLDINGS, LLC,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>BARTON PARTNERS ARCHITECTS PLANNERS, INC.; BUILDING ENGINEERING RESOURCES, INC.; ARCHER EXTERIORS, INC.; BOVERE BUILDERS, LLC; CLYVANOR CORPORATION; DIPAULA'S CONTRACTING INC.; DIRECT BUILDERS, INC.; F.M. HOME IMPROVEMENT, INC.; HIGHLAND CARPENTRY, INC.; J & I CONSTRUCTION, INC.; LELEU & BROTHER CONSTRUCTION, INC.; MEDUGNO'S HOME ENHANCEMENTS, LLC; NORTHEAST CONSTRUCTION MANAGEMENT INC.; NUNES BROTHERS CONSTRUCTION, INC.; POMPEO BROTHERS, INC.; POMPEO FAMILY REALTY, LLC; PROBUILD COMPANY LLC; RUDY V. POMPEO, INC.; SCA CONSTRUCTION, INC.; SHAWNLEE CONSTRUCTION, INC.; SMART CARPENTRY & CONSTRUCTION, INC.; US FRAMING INC.; USFNE LLC; and XQUISITE LANDSCAPING, INC.,<br><br>    Third-Party Defendants. | |

## LENNAR NORTHEAST PROPERTIES, INC. AND
## LENNAR HINGHAM HOLDINGS, LLC'S THIRD-PARTY COMPLAINT

Third-Party Plaintiffs Lennar Northeast Properties, Inc. d/b/a Lennar Northeast Urban

("Lennar Northeast") and Lennar Hingham Holdings, LLC ("Lennar Hingham"), by and

through its undersigned attorneys, for their third-party complaint against Third-Party

Defendants Barton Partners Architects Planners, Inc. ("Barton Partners"); Building Engineering

Resources, Inc. ("BER"); Archer Exteriors, Inc. ("Archer"); Bovere Builders, LLC ("Bovere");

Clyvanor Corporation ("Clyvanor"); DiPaula's Contracting Inc. ("DiPaula's"); Direct Builders,

Inc. ("Direct Builders"); F.M. Home Improvement, Inc. ("F.M."); Highland Carpentry, Inc.

("Highland"); J & I Construction, Inc. ("J & I"); Leleu & Brother Construction, Inc. ("Leleu &

Brother"); Medugno's Home Enhancements, LLC ("Medugno's"); Northeast Construction

Management Inc. ("Northeast Construction"); Nunes Brothers Construction, Inc. ("Nunes

Brothers"); Pompeo Brothers, Inc. ("Pompeo Brothers"); Pompeo Family Realty, LLC

("Pompeo Family"); ProBuild Company LLC ("ProBuild"); Rudy V. Pompeo, Inc. ("Pompeo

Inc."); SCA Construction, Inc. ("SCA"); Shawnlee Construction, Inc. ("Shawnlee"); Smart

Carpentry & Construction, Inc. ("Smart Carpentry"); US Framing Inc. ("US Framing"); USFNE

LLC ("USFNE"); and Xquisite Landscaping, Inc. ("Xquisite") state as follows:

### PRELIMINARY STATEMENT

This Third-Party Complaint arises out of and relates to the First Amended Complaint

(the "FAC") in this action in which the Plaintiff Hewitts Landing Condominium Trust (the

"Trust") alleges the existence of certain design and construction defects at the Hewitts Landing

Condominium development in Hingham, Massachusetts.  The Trust asserts that

Defendants/Third-Party Plaintiffs Lennar Northeast and Lennar Hingham, and affiliated entities,

are liable for damages the Trust has and will incur as a result of the alleged defects.  However,

2

the design and construction work giving rise to the alleged defects was performed by the Third-Party Defendants named herein. Pursuant to their agreements with Lennar Northeast and Lennar Hingham, the Third-Party Defendants agreed to perform their work in a good and workmanlike manner in accordance with agreed specifications and in compliance with all applicable standards of care. The Third-Party Defendants also agreed to indemnify Lennar Northeast and Lennar Hingham for any losses incurred as a result of defects in the Third-Party Defendants' work. Thus, to the extent that the Trust prevails in proving the existence of any defects alleged, the Third-Party Defendants are liable for any resulting damages and must indemnify Lennar Northeast and Lennar Hingham for the same.

## PARTIES

1.      Lennar Northeast Properties, Inc. is a Nevada corporation with a principal place of business at 700 NW 107th Avenue, Suite 400, Miami, Florida 33172.

2.      Lennar Hingham Holdings, LLC is a Delaware limited liability company with a principal place of business at 25 Enterprise Drive, Aliso Viejo, California 92656.

3.      On information and belief, Barton Partners Architects Planners, Inc. is a Pennsylvania corporation with a principal place of business at 700 E. Main Street, Suite 301, Norristown, Pennsylvania 19401.

4.      On information and belief, Building Engineering Resources, Inc. is a Massachusetts corporation with a principal place of business at 66 Main Street, Easton, Massachusetts 02356.

5.      On information and belief, Archer Exteriors, Inc. is a New Jersey corporation with a principal place of business at 341 Harding Highway, Pittsgrove, New Jersey 08318.

4823-2985-2519

6.      On information and belief, Bovere Builders, LLC is a Massachusetts limited liability company with a principal place of business at 703 Main Street, Weymouth, Massachusetts 02190.

7.      On information and belief, Clyvanor Corporation is a Delaware corporation with a principal place of business at 16 Second Street, Palmer, Massachusetts 01069.

8.      On information and belief, DiPaula's Contracting Inc. is a Massachusetts corporation with a principal place of business at 176 R Court Street, Plymouth, Massachusetts 02360.

9.      On information and belief, Direct Builders, Inc. is a New Hampshire corporation with a principal place of business at 16 Sheffield Street, Hudson, New Hampshire 03051.

10.      On information and belief, F.M. Home Improvement, Inc. is a New Jersey corporation with a principal place of business at 3125 State Highway 10 East, Suite 1D, Denville, New Jersey 07834.

11.      On information and belief, Highland Carpentry, Inc. is a Massachusetts corporation with a principal place of business at 149 Grant Street, Framingham, Massachusetts 01702.

12.      On information and belief, J & I Construction, Inc. is a Massachusetts corporation with a principal place of business at 24 Whiting Avenue, Whitman, Massachusetts 02382.

13.      On information and belief, Leleu & Brother Construction, Inc. is a Massachusetts corporation with a principal place of business at 10 Royall Street, Medford, Massachusetts 02155.

4823-2985-2519

14.     On information and belief, Medugno's Home Enhancements, LLC is a New Hampshire limited liability company with a principal place of business at 115 Gulf Road, Derry, New Hampshire 03038.

15.     On information and belief, Northeast Construction Management Inc. is a Massachusetts corporation with a principal place of business at 220 Corporate Park Drive, Pembroke, Massachusetts 02359.

16.     On information and belief, Nunes Brothers Construction, Inc. is a Massachusetts corporation with a principal place of business at 655 Plantation Street, Suite 17B, Worcester, Massachusetts 01605.

17.     On information and belief, Pompeo Brothers, Inc. is a Massachusetts corporation with a principal place of business at 40 Mathewson Drive, Weymouth, Massachusetts 02189.

18.     On information and belief, Pompeo Family Realty, LLC is a Massachusetts limited liability company with a principal place of business at 40 Mathewson Drive, Weymouth, Massachusetts 02189.

19.     On information and belief, ProBuild Company LLC is a Delaware limited liability company with a principal place of business at 2001 Bryan Street, Suite 1600, Dallas, Texas 75201.

20.     On information and belief, Rudy V. Pompeo, Inc. is a Massachusetts corporation with a principal place of business at 40 Mathewson Drive, Weymouth, Massachusetts 02189.

21.     On information and belief, SCA Construction, Inc. is a Massachusetts corporation with a principal place of business at 205 Oak Street, Suite 3, Pembroke, Massachusetts 02359.

4823-2985-2519

22.     On information and belief, Shawnlee Construction, Inc. is a Massachusetts corporation with a principal place of business at 72 Taunton Street, Plainville, Massachusetts 02762.

23.     On information and belief, Smart Carpentry & Construction, Inc. is a Massachusetts corporation with a principal place of business at 11 Awl Street, Medway, Massachusetts 02053.

24.     On information and belief, US Framing Inc. is a Tennessee corporation with a principal place of business at 11420 Watterson Court, Suite 100, Louisville, Kentucky 40299.

25.     On information and belief, USFNE LLC is a Massachusetts limited liability company with a principal place of business at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

26.     On information and belief, Xquisite Landscaping, Inc. is a Massachusetts corporation with a principal place of business at 1800 Washington Street, Stoughton, Massachusetts 02072.

## JURIDISCTION AND VENUE

27.     This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 because the claims set forth herein are so related to the claims set forth in the FAC, over which the Court has original jurisdiction, that they form part of the same case and controversy under Article III of the United States Constitution.

## FACTS

### Hewitts Landing Condominium Development and the Trust

28.     The Hewitts Landing Condominium development is a 15-building, 150-unit condominium complex located on the waterfront on HMS Stayner Drive, USS Amesbury Drive,

HMS Halsted Drive, USS Buckley Place, and HMS Whitaker Lane in Hingham, Massachusetts (the "Project").

29.     Lennar Northeast was the developer for the Project, and Lennar Hingham was the contractor and construction manager for the Project.

30.     The condominium development was created by the recording of the Master Deed of Hewitts Landing Condominium (the "Master Deed") with the Plymouth Registry of Deeds on June 25, 2010.  The Master Deed is recorded at Book 38667, Page 257, and Lennar Hingham is the Declarant.

31.     Concurrently with the recording of the Master Deed, Hewitts Landing Trustee, LLC ("Hewitts Trustee") recorded the Declaration of Trust of Hewitts Landing Condominium Trust (the "Declaration of Trust") with the Plymouth Registry of Deeds.  The Declaration of Trust is recorded at Book 38667, Page 296.  Hewitts Trustee served as trustee of the Trust from June 25, 2010 until December 2015.  Thereafter, Hewitts Trustee resigned as trustee, and several condominium unit owners became trustees of the Trust.

**The Third-Party Defendant Subcontractors and Trade Partners**

32.     Lennar Hingham retained and contracted with several subcontractors and trade partners to provide services and perform work at the Project.

33.     Lennar Hingham contracted with Barton Partners to serve as architect for the construction and development of the Project.  Barton Partners agreed to perform and provide professional services, including construction, architectural, design, and structural services for the Project.  Barton Partners' responsibilities included professional design and construction management services with respect to the exterior sheathing, wrap, and envelope; exterior decks and columns; fire sprinkler system; and attic soffit and ventilation systems included in every building at the Project.  Barton Partners agreed to perform its work on the Project in a good and

workmanlike manner, to agreed specifications, and in compliance with all applicable standards of care, including industry, manufacturer, and code requirements.

34.     Lennar Hingham contracted with BER to serve as engineer for the construction and development of the Project.  BER agreed to perform and provide professional services, including designing plans for the mechanical, electrical, plumbing, and fire protection work for the Project.  BER agreed to perform its work on the Project in a good and workmanlike manner, to agreed specifications, and in compliance with all applicable standards of care, including industry, manufacturer, and code requirements.

35.     Lennar Hingham contracted with Archer, Bovere, DiPaula's, Direct Builders, F.M., Highland, J & I, Leleu & Brother, Medugno's, Northeast Construction, Nunes Brothers, SCA, Shawnlee, Smart Carpentry, US Framing, and USFNE (collectively, the "Framing Subcontractors") as its subcontractors and trade partners on the Project to perform framing, sheathing, and building wrap work.  Lennar Hingham also contracted with Archer, Bovere, DiPaula's, Direct Builders, F.M., Highland, J & I, Leleu & Brother, Medugno's, Northeast Construction, Nunes Brothers, SCA, Shawnlee, Smart Carpentry, and US Framing to install exterior decks and columns on the buildings at the Project.  The Framing Subcontractors agreed to perform their work on the Project in a good and workmanlike manner, to agreed specifications, and in compliance with all applicable standards of care, including industry, manufacturer, and code requirements.

36.     Lennar Hingham contracted with Archer, Clyvanor, Direct Builders, J & I, and ProBuild (collectively, the "Roofing Subcontractors") as its subcontractors and trade partners to design and install roofing systems on the Project.  The Roofing Subcontractors agreed to perform their work on the Project in a good and workmanlike manner, to agreed specifications,

8

and in compliance with all applicable standards of care, including industry, manufacturer, and code requirements.

37.     Lennar Hingham contracted with Pompeo Brothers, Pompeo Family, Pompeo Inc., and Xquisite (collectively, the "Landscaping Contractors") as its trade partners to design and install landscaping and irrigation systems on the Project.  The Landscaping Contractors agreed to perform its work on the Project in a good and workmanlike manner, to agreed specifications, and in compliance with all applicable standards of care, including industry, manufacturer, and code requirements.

## The Trust's Complaint

38.     On November 3, 2017, the Trust filed the original Complaint initiating this action in the Massachusetts Superior Court for Plymouth County.  On November 29, 2017, the Trust filed the FAC, which is the operative complaint in this action, in the Massachusetts Superior Court for Plymouth County.  On December 27, 2017, Lennar Northeast, with the consent of the other Defendants, removed this action to this Court.

39.     The FAC alleges that there are construction and design defects at the Project related to the exterior decks and columns; roofing systems and flashing; exterior walls, flashing, and building envelopes; and irrigation system (collectively, the "Alleged Defects").

40.     In particular, with respect to the exterior decks and columns, the FAC alleges, *inter alia*, that the deck ledger boards are improperly attached to buildings at the Project; there are no continuous rim boards at the interior and exterior wall sheathing; there is poor deck membrane termination along the top edge of decks; door flashing is poorly placed; door pan flashings are lacking; joist hangers are corroded or lacking; and exterior columns are not properly sealed and waterproofed and lack proper draining mechanisms.  The Trust maintains that many of these Alleged Defects pose a life safety risk.

9

41.     With respect to the roofing systems and flashing, the FAC alleges, *inter alia*, that several buildings at the Project have shingles that are not adequately adhered; improper flashing; and improperly anchored and secured chimney enclosures.

42.     With respect to the exterior walls, flashing, and building envelopes, the FAC alleges, *inter alia*, that flashings are lacking and improperly sealed and that exterior walls of the buildings at the Project do not comply with the appropriate editions of the Massachusetts State Building Code.

43.     The FAC also alleges that the irrigation system is inadequately sized and/or poorly constructed.

44.     The FAC alleges that Lennar Northeast, Lennar Hingham, and other affiliated entities are liable to the Trust for millions of dollars in damages as a result of the Alleged Defects.

45.     To the extent that the Trust's allegations concerning the Alleged Defects prove to be true, the Alleged Defects are the result of improper design and/or poor workmanship by some or all of the Third-Party Defendants, and not any negligence or breaches by Lennar Northeast, Lennar Hingham, or any of the other Defendants.

46.     To the extent that the Trust's allegations concerning the Alleged Defects prove to be true, some or all of the Third-Party Defendants, as a result of their improper design and/or poor workmanship, are liable for the damages resulting from the Alleged Defects and must indemnify Lennar Northeast and Lennar Hingham for the same.

47.     In addition, to the extent that the Trust's allegations concerning the Alleged Defects prove to be true, some or all of the Third-Party Defendants are liable to Lennar Northeast and Lennar Hingham, *inter alia*, for breaches of their subcontractor and trade partner agreements, breaches of warranty, negligence, and unfair and deceptive business practices.

4823-2985-2519

## COUNT I
### (Indemnification)

48.     Lennar Northeast and Lennar Hingham incorporate herein by reference Paragraphs 1 through 47 of their Third-Party Complaint as if fully set forth herein.

49.     The Third-Party Defendants each have contractual and common law obligations to indemnify Lennar Northeast and Lennar Hingham for any and all liabilities, costs, expenses, claims, demands, causes of action, or other losses arising out of or relating to the Third-Party Defendants' respective work on the Project.

50.     To the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project, the Third-Party Defendants whose work gave rise to the Alleged Defects are liable to indemnify Lennar Northeast and Lennar Hingham for all losses and costs incurred in connection with the claims in the FAC related to each Third-Party Defendants' respective work.

## COUNT II
### (Breach of Contract)

51.     Lennar Northeast and Lennar Hingham incorporate herein by reference Paragraphs 1 through 50 of their Third-Party Complaint as if fully set forth herein.

52.     Lennar Northeast and/or Lennar Hingham have express written contracts with each of the Third-Party Defendants.

53.     Lennar Northeast and Lennar Hingham have performed, tendered performance of, or were excused from performing each of their respective contractual obligations.

54.     To the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project, the Third-Party Defendants whose work gave rise to the proven Alleged Defects materially breached the terms of their respective agreements with Lennar Northeast and/or Lennar Hingham.

4823-2985-2519

55.      As a direct and proximate result of such breaches, Lennar Northeast and Lennar Hingham have suffered and will continue to suffer damages in an amount to be proven at trial. The Third-Party Defendants whose work gave rise to the proven Alleged Defects are each liable for the portion of those damages caused by their respective breaches, plus statutory pre- and post-judgment interest, attorneys' fees, and costs of court as afforded by contract and law.

## COUNT III
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

56.      Lennar Northeast and Lennar Hingham incorporate herein by reference Paragraphs 1 through 55 of their Third-Party Complaint as if fully set forth herein.

57.      Lennar Northeast and/or Lennar Hingham have express written contracts with each of the Third-Party Defendants.

58.      As a matter of law, implied in each of those express written contracts is a covenant of good faith and fair dealing.

59.      To the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project, the Third-Party Defendants whose work gave rise to the proven Alleged Defects materially breached the terms of their respective agreements with Lennar Northeast and/or Lennar Hingham.

60.      As a direct and proximate result of such breaches, Lennar Northeast and Lennar Hingham have suffered and will continue to suffer damages in an amount to be proven at trial. The Third-Party Defendants whose work gave rise to any proven Alleged Defects are each liable for the portion of those damages caused by their respective breaches, plus statutory pre- and post-judgment interest.

4823-2985-2519

## COUNT IV
### (Breach of Warranty)

61.     Lennar Northeast and Lennar Hingham incorporate herein by reference Paragraphs 1 through 60 of their Third-Party Complaint as if fully set forth herein.

62.     To the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project, the Third-Party Defendants whose work gave rise to the Alleged Defects breached their respective implied warranty to perform its work on the Project using reasonable and appropriate care and skill and in a workmanlike manner, free from defects in workmanship and materials, and in strict accordance with the plans and specifications; any applicable manufacturer's specifications, recommendations, or requirements; and all applicable industry standards, codes, or other rules or regulations applicable to the performance of the work.

63.     In addition, to the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project and such proven Alleged Defects relate to work performed by Barton Partners, Barton Partners breached its express warranties, including the warranty to use that degree of usual and customary professional skill and care ordinarily exercised by members of its profession under similar circumstances practicing in the same or similar locality.

64.     In addition, to the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project and such proven Alleged Defects relate to work performed by BER, BER breached its express warranties, including the warranty to perform its work in conformance with the approved plans and with the provisions of the Massachusetts State Building Code and all other pertinent Laws, Rules, and Regulations.

65.     As a direct and proximate result of such breaches, Lennar Northeast and Lennar Hingham have suffered and will continue to suffer damages in an amount to be proven at trial. The Third-Party Defendants whose work gave rise to any proven Alleged Defects are each

4823-2985-2519

liable for the portion of those damages caused by their respective breaches, plus statutory pre- and post-judgment interest, attorneys' fees, and costs of court as afforded by contract and law.

## COUNT V
### (Negligence)

66.     Lennar Northeast and Lennar Hingham incorporate herein by reference Paragraphs 1 through 66 of their Third-Party Complaint as if fully set forth herein.

67.     Barton Partners owed a duty of care to Lennar Northeast and Lennar Hingham to act as a reasonably prudent professional architect and to meet the standards of care applicable to reasonably prudent members of the architectural profession.

68.     BER owed a duty of care to Lennar Northeast and Lennar Hingham to act as a reasonably prudent professional engineer and to meet the standards of care applicable to reasonably prudent members of the engineering profession.

69.     Each Third-Party Defendant other than Barton Partners and BER owed a duty of care to Lennar Northeast and Lennar Hingham to meet the standards of care applicable to reasonably prudent members of the construction profession.

70.     To the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project, the Third-Party Defendants whose work gave rise to the Alleged Defects breached its respective duty to Lennar Northeast and Lennar Hingham, proximately causing Lennar Northeast's and Lennar Hingham's injuries described herein.

71.     As a direct and proximate result of such breaches, Lennar Northeast and Lennar Hingham have suffered and will continue to suffer damages in an amount to be proven at trial. The Third-Party Defendants whose work gave rise to any proven Alleged Defects are each liable for the portion of those damages caused by their respective breaches, plus statutory pre-judgment interest.

4823-2985-2519

## COUNT VI
### (Violation of Mass. Gen. Laws c. 93A, §§ 2 and 11)

72.     Lennar Northeast and Lennar Hingham incorporate herein by reference Paragraphs 1 through 71 of their Third-Party Complaint as if fully set forth herein.

73.     The Third-Party Defendants were acting in the conduct of trade or commerce when they performed their work on the Project and engaged in the conduct described herein relating to the same.

74.     To the extent the Trust is able to prove the existence of any of the Alleged Defects at the Project, the Third-Party Defendants whose work gave rise to the Alleged Defects have engaged in willful or knowing misconduct as described herein that occurred primarily and substantially in the Commonwealth of Massachusetts and that constitutes unfair and deceptive practices as prohibited by Mass. Gen. Laws c. 93A, § 2, as such unfair and deceptive practices include fraud and deceit.

75.     As a direct and proximate result of such breaches, Lennar Northeast and Lennar Hingham have suffered and will continue to suffer damages in an amount to be proven at trial. The Third-Party Defendants whose work gave rise to any proven Alleged Defects are each liable for the portion of those damages, trebled as provided by Mass. Gen. Laws c. 93A, plus attorneys' fees and costs and statutory pre- and post-judgment interest.

        WHEREFORE, Lennar Northeast and Lennar Hingham respectfully request that the Court:

        i.  enter judgment in their favor and against Defendants on all counts in the Third-Party Complaint;

4823-2985-2519

ii.  award them damages in an amount to be proven on all counts in the Third-Party

Complaint;

iii.  award them treble damages in accordance with Mass. Gen. Laws c. 93A, § 11;

iv.  award them their attorneys' fees and costs of court in accordance with the parties'

contracts and the law, including Mass. Gen. Laws c. 93A, § 11;

v.  award them pre- and post-judgment interest at the highest rate afforded by law; and

vi. award such other and further relief as the Court may deem just and proper.


Dated:  June 27, 2018

                                    Respectfully submitted,

                                    LENNAR NORTHEAST PROPERTIES,
INC. d/b/a LENNAR NORTHEAST URBAN
and LENNAR HINGHAM HOLDINGS, LLC,

                                    By their attorneys,

                                    */s/ Michael Thompson*
                                    Michael J. Tuteur, BBO# 543780
                                    Jeffrey R. Blease, BBO# 675247
                                    Lisa F. Glahn, BBO# 648309
                                    Michael Thompson, BBO# 673497
                                    FOLEY & LARDNER LLP
                                    111 Huntington Ave., Suite 2500
                                    Boston, Massachusetts 02199
                                    Tel. 617.342.4000
                                    Fax. 671.342.4001
                                    mtuteur@foley.com
                                    jblease@foley.com
                                    lglahn@foley.com
                                    mxthompson@foley.com

4823-2985-2519

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 27, 2018, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.  Parties being joined to this action will be served in accordance with Fed. R. Civ. P. 4.

_____ */s/ Michael Thompson*_____
Michael Thompson

4823-2985-2519