UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————

| | |
|---|---|
| LIZ D'ALLESSANDRO, et. al. ) | |
|       Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-12567-IT |
| ) | |
| LENNAR HINGHAM HOLDINGS, LLC, et. ) | |
| al., ) | |
|       Defendants. ) | |

———————————————————————  )

| | |
|---|---|
| LENNAR NORTHEAST PROPERTIES, INC., et. ) | |
| al., ) | |
|       Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BARTON PARTNERS ARCHITECTS ) | |
| PLANNERS, INC., et. al., ) | |
|       Third-Party Defendants. ) | |

———————————————————————  )

| | |
|---|---|
| ARCHER EXTERIORS, INC., ) | |
|       Fourth-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOSE A. GARCIA RODRIGUES d/b/a JAG ) | |
| GENERAL CONSTRUCTION; MONTOYA ) | |
| CONTRACTORS INCORPORATED; MORENO ) | |
| SIDING & ROOFING, INC.; NEW SYSTEM ) | |
| ROOFING & SIDING, INC. n/k/a NEW SYSTEM ) | |
| QUALITY & EXTERIORS, INC; N.G. HOME ) | |
| REPAIRS, LLC; GEMINI EXTERIORS, INC.; ) | |
| JOSUE FERNANDEZ d/b/a FERNANDEZ ) | |
| CONSTUCTION; A.G. HOME IMPROVEMENT, ) | |
| INC.; AMC QUALITY BUILDERS, LLC; ) | |
| JMZ CONSTRUCTION, INC.; LCK ) | |
| CONSTRUCTION, INC.; MAGIC DREAM ) | |
| HOME IMPROVEMENT INCORPORATED; ) | |
| And O.G. SIDING, INC. ) | |
| ) | |
|       Fourth-Party Defendants. ) | |

———————————————————————  )

## ARCHER EXTERIORS, INC.'S FOURTH-PARTY COMPLAINT

Third-Party Defendant Archer Exteriors, Inc. ("Archer") by and through its counsel hereby asserts the following fourth-party claims against Fourth-Party Defendants Jose A. Garcia Rodriquez d/b/a JAG General Construction; Montoya Contractors Incorporated; Moreno Siding & Roofing, Inc.; New System Roofing & Siding, Inc. n/k/a New System Quality & Exteriors, Inc.; N.G. Home Repairs, LLC; Gemini Exteriors, Inc.; Josue Fernandez d/b/a Fernandez Construction; A.G. Home Improvement, Inc.; AMC Quality Builders, LLC; JMZ Construction, Inc.; LCK Construction, Inc.; Magic Dream Home Improvement Incorporated; and O.G. Siding, Inc.

### Preliminary Statement

This case originated with construction deficiency claims asserted by the Hewitts Landing Condominium Trust against Defendants/Third-Party Plaintiffs Lennar Northeast Properties, Inc. d/b/a/ Lennar Northeast Urban and Lennar Hingham Holdings, LLC's (collectively "Lennar"). The Lennar parties are the developer and general contractor entities of a 150-unit condominium development project in Hingham, Massachusetts known as "Hewitts Landing" (the "Project"). Lennar in-turn asserted third-party claims[1] for indemnification (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), breach of warranty (Count IV), and negligence (Count V) against 24 Third-Party Defendants, including Archer. Archer contracted with the Fourth-Party Defendants to perform work on the Project and for indemnification of claims arising from such work. To the extent any liability is found, which

---

[1]   Lennar's original claims included an additional Count VI for unfair and deceptive business practices in violation of M.G.L. c. 93A, which was dismissed by the Court for failure to state a claim pursuant to FRCP 12(b)(6) upon the filing of motions by Archer and other third-party defendants.

Archer denies, the Fourth-Party Defendants are liable for such liability arising from their work on the Project.

## Parties

1.      Archer is a New Jersey corporation with a principal place of business at 341 Harding Highway, Pittsgrove, New Jersey 08318.

2.      On information and belief, Jose A. Garcia Rodrigues d/b/a JAG General Construction ("JAG") is a resident of Colorado with an address of 3584 Allison Street, Wheat Ridge, CO 80033-6120, who also owns property in the Commonwealth of Massachusetts at 10 Lasell Avenue, Worcester, MA 01605.  At all relevant times herein, JAG was engaged in business in the Commonwealth of Massachusetts.

3.      On information and belief, Montoya Contractors Incorporated ("Montoya") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 28 Vale Street, Apt. 1, Worcester, MA 01604.  According to the Secretary of the Commonwealth Corporations Division website, Montoya was involuntarily dissolved on June 18, 2012.  Marvin Jesus Montoya was the resident agent and President of Montoya with an address of 9071 Mill Creek Road, Unit 2213, Levittown, PA 19054.

4.      On information and belief, Moreno Siding & Roofing, Inc. ("Moreno") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 32 Oxford Street, #3, Worcester, MA 01609.  According to the Secretary of the Commonwealth Corporations Division website, Moreno was involuntarily dissolved on June 30, 2016.   William N. Moreno was the resident agent and President of Moreno with the same address.

5.      On information and belief, New System Roofing & Siding, Inc. now known as New System Quality & Exteriors, Inc. ("New System") is a Massachusetts corporation with a principal place of business at 35 King Street, Worcester, MA 01610.

6.      On information and belief, N.G. Home Repairs, LLC ("NG") was a Massachusetts limited liability company at all relevant times herein, and maintained a principal place of business at 73 North Warren Avenue, Apt. 3, Brockton, MA 02301.  According to the Secretary of the Commonwealth Corporations Division website, NG was involuntarily dissolved on June 30, 2015. Narciso Loja Guallpa was the resident agent and Manager of NG with the same address.

7.      On information and belief, Gemini Exteriors, Inc. ("Gemini") is a Massachusetts corporation with a principal place of business at 6 Flax View Terrace, Lynn, MA 01904.

8.      On information and belief, Josue Fernandez d/b/a Fernandez Construction ("Fernandez") is a Massachusetts resident with addresses at 98 Perry Avenue Apt. 2, Worcester, MA 01610-2112 and/or 27 Newbury Street, #3, Worcester, MA 01609-2065.

9.      On information and belief, A.G. Home Improvement, Inc. ("AG") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 93 Boylston Circle, Shrewsbury, MA 01545.  According to the Secretary of the Commonwealth Corporations Division website, AG was involuntarily dissolved on June 30, 2014.   Artur Grubii was the resident agent and President of AG with an address of 50 Barnes Avenue, Worcester, MA 01605.

10.      On information and belief, AMC Quality Builders, LLC ("AMC") is a Massachusetts limited liability company with a principal place of business at 7 Ferris Road, Lynn, MA 01904.

11.     On information and belief, JMZ Construction, Inc. ("JMZ") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 45 Pineland Avenue, Worcester, MA 01604.  According to the Secretary of the Commonwealth Corporations Division website, JMZ was involuntarily dissolved on June 30, 2017.   Marek Basta was the resident agent and President of JMZ with the same address.

12.     On information and belief, LCK Construction, Inc. ("LCK") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 103 Main Street, Suite 206, Brockton, MA 02301.  According to the Secretary of the Commonwealth Corporations Division website, LCK was involuntarily dissolved on June 30, 2016.  Dennis Castro was the resident agent and President of LCK with the same address

13.     On information and belief, Magic Dream Home Improvement Incorporated ("Magic Dream") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 34 Crabtree Lane, Leominster, MA 01453.  According to the Secretary of the Commonwealth Corporations Division website, Magic Dream was involuntarily dissolved on June 18, 2012.   Khener Almeida was the resident agent and President of Magic Dream with the same address

14.     On information and belief, O.G. Siding, Inc. ("OG") was a Massachusetts corporation at all relevant times herein, and maintained a principal place of business at 36 Coburn Street, Framingham, MA 01702.  According to the Secretary of the Commonwealth Corporations Division website, OG was involuntarily dissolved on June 30, 2014.   Orlei Gromoski was the resident agent and President of OG with the same address

**Jurisdiction and Venue**

15.     This Court has supplemental jurisdiction over this Fourth-Party Complaint pursuant to 28 U.S.C. §1367 because the claims are related to the claims set forth in the First Amended Complaint and Third-Party Complaints, over which the Court has exercised original jurisdiction, and they form part of the same case and controversy under Article III of the United States Constitution.

**Facts**

16.     On June 27, 2018, Defendants/Third-Party Plaintiffs Lennar filed a Third-Party Complaint against Archer and others third-party defendants for recovery of alleged damages incurred in relation to alleged material, design and/or construction deficiencies at a 150-unit condominium development project in Hingham, Massachusetts known as "Hewitts Landing" (the "Project").  A copy of Lennar's Third-Party Complaint ("TPC") is filed as Document 46.

17.     Lennar's Third-Party Complaint states that the Project is located on the waterfront on HMS Stayner Drive, USS Amesbury Drive,  HMS Halsted Drive, USS Buckley Place, and HMS Whitaker Lane in Hingham, Massachusetts.  (TPC at ¶28).

18.     Lennar's Third-Party Complaint states that the Hewitts Landing condominium development was created by the recording of the Master Deed of Hewitts Landing Condominium ("Master Deed") with the Plymouth Registry of Deeds on June 25, 2010, recorded at Book 38667, Page 257, with Lennar Hinghan as the Declarant. (TPC at ¶30).

19.     Lennar's Third-Party Complaint also states that a Declaration of Trust of Hewitts Landing Condominium Trust was recorded at Book 38667, Page 296, concurrently with the Master Deed, and named Hewitts Landing Trustee, LLC as the Trustee from June 25, 2010 until December 2015 when the Trust was turned over to the unit owners.  (TPC at ¶31).

20.     Lennar's Third-Party Complaint originates from construction deficiency claims asserted by Plaintiff Trustees of the Hewitts Landing Condominium Trust in their First Amended Complaint ("FAC") against Defendants/Third-Party Plaintiffs Lennar filed on or about November 29, 2017.  (TPC at ¶38).  The Plaintiff's FAC was removed to the jurisdiction of this Court and filed as Document No.1 on December 28, 2017.

21.     The Plaintiffs' FAC alleges (as realleged in Lennar's Third-Party Complaint) construction and design defects at the Project, related to the exterior decks and columns; roofing systems and flashing; exterior walls, flashing, and building envelopes; and irrigation system (collectively, the "Alleged Defects").  (TPC at ¶39).

22.     Lennar's Third-Party Complaint alleges that "with respect to the exterior decks and columns, the FAC alleges, *inter alia*, that the deck ledger boards are improperly attached to building at the Project; there are no continuous rim boards at the interior and exterior wall sheathing; there is poor deck membrane termination along the top edge of decks; door flashing is poorly place; door pan flashings are lacking; joist hangers are corroded or lacking; and exterior columns are not properly sealed and waterproofed and lack proper draining mechanisms.  The [Plaintiff] maintains that many of these Alleged Defects pose a life safety risk." (TPC at ¶40).

23.     Lennar further alleges, "[w]ith respect to the roofing systems and flashing, the FAC alleges, *inter alia*, that several buildings at the Project have shingles that are not adequately adhered; improper flashing; and improperly anchored and secured chimney enclosures."  (TPC at ¶41).

24.     Lennar's Third-Party Complaint also states, "[w]ith respect to the exterior walls, flashing, and building envelopes, the FAC alleges, *inter alia*, that flashings are lacking and

improperly sealed and that exterior walls of the buildings at the Project do not comply with the appropriate editions of the Massachusetts State Building Code."   (TPC at ¶42).

25.     Lennar's Third-Party Complaint asserts that "[t]he FAC also alleges that the irrigation system is inadequately sized and/or poorly constructed[,]" and that the Plaintiffs seek millions of dollars in damages against Lennar for the Alleged Defects.  (TPC at ¶¶43-44).

26.     The Plaintiffs recently advised of other unspecified alleged chimney related deficiencies at the Project.

27.     The Lennar parties are the developer and general contractor entities of the Project. Lennar's Third-Party Complaint states that Lennar Northeast was the developer and Lennar Hingham was the contractor and construction manager for the Project.  (TPC at ¶29).

28.     Lennar contracted with Archer concerning the performance of certain work at the Project.

29.     Archer contracted with the Fourth-Party Defendants and/or their representatives for certain design, development and/or construction labor, material and/or services for the Project.

30.     Archer contracted with JAG to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

31.     Archer contracted with Montoya to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

32.     Archer contracted with Moreno to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

33.     Archer contracted with New System to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

34.     Archer contracted with NG to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

35.     Archer contracted with Gemini to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

36.     Archer contracted with Fernandez to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

37.     Archer contracted with AG to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

38.     Archer contracted with AMC to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

39.     Archer contracted with JMZ to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

40.     Archer contracted with LCK to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

41.     Archer contracted with Magic Dream to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

42.     Archer contracted with OG to provide roofing, siding and/or other construction work, labor, material and/or services for the Project.

43.     Archer did not specify materials, means or methods for design, development and/or construction labor, material and/or services for the Project.

44.     Lennar's Third-Party Complaint against Archer, as well as 23 other Third-Party Defendants, asserts third-party claims for indemnification (Count I), breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), breach of warranty

(Count IV), negligence (Count V),  and unfair and deceptive business practices in violation of M.G.L. c. 93A (Count VI). [2]

45.     Archer denies all liability for the claims asserted by Lennar in its Third-Party Complaint and/or asserted by the Plaintiff in the First Amended Compliant, and contracted all such work and responsibility to the Fourth-Party Defendants.

46.     If the allegations in the First Amended Complaint and/or Third-Party Complaint are found to be true as to Archer, which Archer expressly denies, then the Fourth-Party Defendants are liable to Archer for indemnity and contribution.

## COUNT I – CONTRIBUTION
### (As to JAG)

47.     Archer repeats and reasserts the allegations contained in paragraphs 1-46 of its fourth-party complaint as if set forth and restated fully herein.

48.     If Archer is determined to be liable for damages resulting from the Project, which it denies, JAG is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT II – INDEMNIFICATION
### (As to JAG)

49.     Archer repeats and reasserts the allegations contained in paragraphs 1-48 of its fourth-party complaint as if set forth and restated fully herein.

---

[2]     As stated, Lennar's Count VI in its Third-Party Complaint was dismissed by the Court for failure to state a claim pursuant to FRCP 12(b)(6) upon the filing of motions filed by Archer and other third-party defendants.

50.     JAG has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to JAG's respective work on the Project.

51.     If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which JAG is responsible, or persons for who JAG is legally responsible, and JAG is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT III – CONTRIBUTION
### (As to Montoya)

52.     Archer repeats and reasserts the allegations contained in paragraphs 1-51 of its fourth-party complaint as if set forth and restated fully herein.

53.     If Archer is determined to be liable for damages resulting from the Project, which it denies, Montoya is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq.*

WHEREFORE, Archer prays for the relief set forth below.

## COUNT IV – INDEMNIFICATION
### (As to Montoya)

54.     Archer repeats and reasserts the allegations contained in paragraphs 1-53 of its fourth-party complaint as if set forth and restated fully herein.

55.     Montoya has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to Montoya's respective work on the Project.

56.  If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which Montoya is responsible, or persons for who Montoya is legally responsible, and Montoya is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

### COUNT V – CONTRIBUTION
### (As to Moreno)

57.  Archer repeats and reasserts the allegations contained in paragraphs 1-56 of its fourth-party complaint as if set forth and restated fully herein.

58.  If Archer is determined to be liable for damages resulting from the Project, which it denies, Moreno is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq.*

WHEREFORE, Archer prays for the relief set forth below.

### COUNT VI – INDEMNIFICATION
### (As to Moreno)

59.  Archer repeats and reasserts the allegations contained in paragraphs 1-58 of its fourth-party complaint as if set forth and restated fully herein.

60.  Moreno has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to Moreno's respective work on the Project.

61.  If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which Moreno is responsible, or persons for who Moreno is legally responsible, and Moreno is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT VII – CONTRIBUTION
### (As to New System)

62.     Archer repeats and reasserts the allegations contained in paragraphs 1-61 of its fourth-party complaint as if set forth and restated fully herein.

63.     If Archer is determined to be liable for damages resulting from the Project, which it denies, New System is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT VIII – INDEMNIFICATION
### (As to New System)

64.     Archer repeats and reasserts the allegations contained in paragraphs 1-63 of its fourth-party complaint as if set forth and restated fully herein.

65.     New System has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to New System's respective work on the Project.

66.     If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which New System is responsible, or persons for who New System is legally responsible, and New System is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT IX – CONTRIBUTION
### (As to NG)

67.     Archer repeats and reasserts the allegations contained in paragraphs 1-66 of its fourth-party complaint as if set forth and restated fully herein.

68.     If Archer is determined to be liable for damages resulting from the Project, which it denies, NG is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT X – INDEMNIFICATION
## (As to NG)

69.     Archer repeats and reasserts the allegations contained in paragraphs 1-68 of its fourth-party complaint as if set forth and restated fully herein.

70.     NG has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to NG's respective work on the Project.

71.     If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which NG is responsible, or persons for who NG is legally responsible, and NG is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XI – CONTRIBUTION
## (As to Gemini)

72.     Archer repeats and reasserts the allegations contained in paragraphs 1-71 of its fourth-party complaint as if set forth and restated fully herein.

73.     If Archer is determined to be liable for damages resulting from the Project, which it denies, Gemini is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XII – INDEMNIFICATION
### (As to Gemini)

74.      Archer repeats and reasserts the allegations contained in paragraphs 1-73 of its fourth-party complaint as if set forth and restated fully herein.

75.      Gemini has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to Gemini's respective work on the Project.

76.      If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which Gemini is responsible, or persons for who Gemini is legally responsible, and Gemini is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XIII – CONTRIBUTION
### (As to Fernandez)

77.      Archer repeats and reasserts the allegations contained in paragraphs 1-76 of its fourth-party complaint as if set forth and restated fully herein.

78.      If Archer is determined to be liable for damages resulting from the Project, which it denies, Fernandez is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq.*

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XIV – INDEMNIFICATION
### (As to Fernandez)

79.      Archer repeats and reasserts the allegations contained in paragraphs 1-78 of its fourth-party complaint as if set forth and restated fully herein.

80. Fernandez has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to Fernandez's respective work on the Project.

81. If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which Fernandez, is responsible, or persons for who Fernandez is legally responsible, and Fernandez is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XV – CONTRIBUTION
### (As to AG)

82. Archer repeats and reasserts the allegations contained in paragraphs 1-81 of its fourth-party complaint as if set forth and restated fully herein.

83. If Archer is determined to be liable for damages resulting from the Project, which it denies, AG is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq.*

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XVI – INDEMNIFICATION
### (As to AG)

84. Archer repeats and reasserts the allegations contained in paragraphs 1-83 of its fourth-party complaint as if set forth and restated fully herein.

85. AG has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to AG's respective work on the Project.

86.     If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which AG is responsible, or persons for who AG is legally responsible, and AG is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

### COUNT XVII – CONTRIBUTION
### (As to AMC)

87.     Archer repeats and reasserts the allegations contained in paragraphs 1-86 of its fourth-party complaint as if set forth and restated fully herein.

88.     If Archer is determined to be liable for damages resulting from the Project, which it denies, AMC is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

### COUNT XVIII – INDEMNIFICATION
### (As to AMC)

89.     Archer repeats and reasserts the allegations contained in paragraphs 1-88 of its fourth-party complaint as if set forth and restated fully herein.

90.     AMC has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to AMC's respective work on the Project.

91.     If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which AMC is responsible, or persons for who AMC is legally responsible, and AMC is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT IXX – CONTRIBUTION
### (As to JMZ)

92.     Archer repeats and reasserts the allegations contained in paragraphs 1-91 of its fourth-party complaint as if set forth and restated fully herein.

93.     If Archer is determined to be liable for damages resulting from the Project, which it denies, JMZ is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq.*

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XX – INDEMNIFICATION
### (As to JMZ)

94.     Archer repeats and reasserts the allegations contained in paragraphs 1-93 of its fourth-party complaint as if set forth and restated fully herein.

95.     JMZ has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to JMZ's respective work on the Project.

96.     If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which JMZ is responsible, or persons for who JMZ is legally responsible, and JMZ is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XXI – CONTRIBUTION
### (As to LCK)

97.     Archer repeats and reasserts the allegations contained in paragraphs 1-96 of its fourth-party complaint as if set forth and restated fully herein.

98.     If Archer is determined to be liable for damages resulting from the Project, which it denies, LCK is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XXII – INDEMNIFICATION
### (As to LCK)

99.     Archer repeats and reasserts the allegations contained in paragraphs 1-98 of its fourth-party complaint as if set forth and restated fully herein.

100.    LCK has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to LCK's respective work on the Project.

101.    If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which LCK is responsible, or persons for who LCK is legally responsible, and LCK is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XXIII – CONTRIBUTION
### (As to Magic Dream)

102.    Archer repeats and reasserts the allegations contained in paragraphs 1-101 of its fourth-party complaint as if set forth and restated fully herein.

103.    If Archer is determined to be liable for damages resulting from the Project, which it denies, Magic Dream is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XXIV – INDEMNIFICATION
### (As to Magic Dream)

104.    Archer repeats and reasserts the allegations contained in paragraphs 1-103 of its fourth-party complaint as if set forth and restated fully herein.

105.    Magic Dream has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to Magic Dream's respective work on the Project.

106.    If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which Magic Dream is responsible, or persons for who Magic Dream is legally responsible, and Magic Dream is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XXV – CONTRIBUTION
### (As to OG)

107.    Archer repeats and reasserts the allegations contained in paragraphs 1-106 of its fourth-party complaint as if set forth and restated fully herein.

108.    If Archer is determined to be liable for damages resulting from the Project, which it denies, OG is liable in contribution to Archer for the negligent services provided on the Project pursuant to the provisions of M.G.L. c. 231B, §1, *et. seq*.

WHEREFORE, Archer prays for the relief set forth below.

## COUNT XXVI – INDEMNIFICATION
### (As to OG)

109.    Archer repeats and reasserts the allegations contained in paragraphs 1-108 of its fourth-party complaint as if set forth and restated fully herein.

110.    OG has contractual and common law obligations to indemnify Archer for any and all liabilities, costs, expenses, claims, demands, causes of action or other losses arising out of or relating to OG's respective work on the Project.

111.    If the Plaintiff, Lennar or any other party to this litigation suffered damages, said damages were caused in whole or in part by the negligent acts and/or omissions of others for which Archer is not contractually responsible, and for which OG is responsible, or persons for who OG is legally responsible, and OG is liable for indemnification.

WHEREFORE, Archer prays for the relief set forth below.

## DEMAND FOR RELIEF

WHEREFORE, Archer respectfully requests that this Court:

1.    Enter Judgment for Archer and against the Fourth-Party Defendants as to each and every count;

2.    Award Archer its attorneys' fees and costs; and

3.    Order such other and further relief as may be just and equitable.

## REQUEST FOR JURY TRIAL

Archer demands a trial by jury as to all issues so triable.

Respectfully Submitted,

THIRD-PARTY DEFENDANT/
FOURTH-PARTY PLAINTIFF
ARCHER EXTERIORS, INC.

Dated: November 20, 2018          By its attorneys,

/s/ *Kimberly A. Alley*_____
Kimberly A. Alley, Esq. (BBO# 669123)
Robert W. Anctil, Esq. (BBO## 628256)
Perkins and Anctil, P.C.
6 Lyberty Way, Suite 201
Westford, MA  01886
978-496-2000

kim@perkinslawpc.com
ranctil@perkinslawpc.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Kimberly Alley, hereby certify that on this 20th day of November, 2018, the foregoing pleading was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that I mailed a true copy by first class mail, postage pre-paid, to all parties or counsel that are non-registered participants on this date.

/s/ *Kimberly A. Alley*
Kimberly A. Alley