UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LIZ D'ALLESSANDRO, | * | |
| JANE FREEMAN, TOD MCGRATH, | * | |
| JAY DRISCOLL, and MIKE NAPPI, | * | |
| As Trustees on behalf of the Hewitts | * | |
| Landing Condominium Trust, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 17-cv-12567-IT |
| LENNAR HINGHAM HOLDINGS, LLC, | * | |
| et al., | * | |
| Defendants, | * | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | * | |
| | * | |
| LENNAR HINGHAM HOLDINGS, LLC, | * | |
| et al., | * | |
| Third-Party Plaintiffs, | * | |
| v. | * | |
| BARTON PARTNERS ARCHITECTS | * | |
| PLANNERS, INC., et al., | * | |
| Third-Party Defendants, | * | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | * | |
| | * | |
| ARCHER EXTERIORS, INC., | * | |
| Fourth-Party Plaintiff, | * | |
| v. | * | |
| JOSE A. GARCIA RODRIGUES d/b/a | * | |
| JAG GENERAL CONSTRUCTION, et al., | * | |
| Fourth-Party Defendants. | * | |

ORDER

January 16, 2020

TALWANI, D.J.

Before the court is Defendants Lennar Hingham Holdings, LLC, Hewitts Landing

Trustee, LLC, Lennar Northeast Properties, Inc. d/b/a Lennar Northeast Urban, and Lennar

Corporation's (collectively, "Lennar Defendants") Motion to Certify [#321] two questions of

Massachusetts law to the Massachusetts Supreme Judicial Court ("SJC"). For the reasons

explained below, Defendants' request is GRANTED IN PART and DENIED IN PART and the

court hereby CERTIFIES one question to the SJC pursuant to Massachusetts Supreme Judicial Court Rule 1:03(2).

## I.    Factual and Procedural Background

The factual and procedural background giving rise to this motion is discussed in detail in the court's Memorandum and Order [#319] denying the Lennar Defendants' Motion for Partial Summary Judgment [#212]. In brief, Plaintiff is suing the Lennar Defendants for, *inter alia*, negligent construction of the common and limited common elements ("the common areas") of a condominium development known as Hewitts Landing ("the Condominium"). See Pl.'s Compl. ¶¶ 28–74 [#1-1]. The Condominium includes twenty-eight buildings. Mem. and Order 2 [#319]. The Lennar Defendants served various roles with respect to the Condominium, including functioning as the developer, contractor, construction manager and, until 2015, as the trustee of the Hewitt Landing Condominium Trust. See id.

Defendants' summary judgment motion contended that Plaintiff's claims that related to the common areas of six buildings were untimely under the Massachusetts Statute of Repose, Mass. Gen. Laws ch. 260, § 2B ("Statute of Repose"). See Defs.' Mot. Summ. J. [#212]. This Statute of Repose provides that an "[a]ction of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property" cannot "commence[] more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner." Mass. Gen. Laws ch. 260, § 2B. Here, Plaintiff filed suit on November 29, 2017. See Notice of Removal 9 [#1-1]. Although the 2015 completion of the entire Condominium development was well-within the repose period, six of the twenty-eight buildings in the Condominium were completed more than six years before the

action was filed. Mem. and Order 3 [#319].

The court rejected Defendants' argument that the different buildings that comprise the Hewitts Landing Condominium constituted a series of "improvements" under the statute, as opposed to one improvement. See Mem. and Order 9-10 [#319]. The court found the record evidence provided a factual basis for a jury to conclude that, as it relates to the Condominium's common areas, the Lennar Defendants did not engage in the separate design, development, and construction of twenty-eight individual buildings, but one condominium development. Id. The memorandum included a footnote stating that the court had not addressed the running of the Statute of Repose as to subcontractors that "performed discrete services for the developer or general contractor," or as to individual units, as these questions were not before the court. Mem. and Order 13 n.4 [#319].

The Lennar Defendants now request that the court certify two questions regarding the application of the Statute of Repose to multi-building developments such as Hewitts Landing: "(1) whether the Statute of Repose begins to run for individual buildings in a multi-building development and construction project when each building is substantially complete or in the alternative, when the entire project is substantially complete, and (2) whether the trigger for commencement of the running of the Statute of Repose differs for developers and general contractors on the one hand, and subcontractors on the other." Defs.' Mot. Certify [#321]. Plaintiff opposes the Lennar Defendants' request for certification. See Pl.'s Opp'n Mot. Certify [#322].

## II.    Analysis

This court may certify questions to the SJC where there are questions of law that: (1) "may be determinative of the cause then pending in the certifying court," and (2) are not subject

to "controlling precedent" from the decisions of the SJC. SJC Rule 1:03(2). Beyond the scope of the SJC's own two-step rule for certification, the court also considers other factors such as the dollar amounts involved, the effects of a decision on future cases, and federalism interests when deciding whether certification is appropriate. Easthampton Savings Bank v. City of Springfield, 736 F.3d 46, 52 (1st Cir. 2013). The court addresses the two questions presented for certification in turn.

Question 1: Application of Massachusetts Statute of Repose to Multi-Building Developments

The correct application of the Massachusetts Statute of Repose is a determinative issue in this proceeding. Because the SJC has applied the Statute of Repose as a "rigid prohibition" not subject to "any form of equitable tolling," Joslyn v. Chang, 445 Mass. 344, 350-51 (2005), Defendants' interpretation of the statute would end Plaintiff's claims as to the common areas of six buildings. Accordingly, the court considers whether there is "controlling precedent" in the past decisions of the SJC on the issue and whether other factors push for or against certification.

Plaintiff argues, for the purpose of this certification motion, that the court's application of the Statute of Repose issue presented by this case "did not present a close and difficult legal issue." However, the test is not whether the court finds the question close or difficult, but whether there is controlling SJC precedent. As reviewed in the Memorandum and Order [#319], there is a salient absence of appellate law in Massachusetts on the question of how a court should apply the Statute of Repose to condominiums like Hewitts Landing and other multi-phase and multi-building developments.[1]  The court resolved the issue in favor of Plaintiff's interpretation.

---

[1] Indeed, Plaintiff previously acknowledged the "dearth of Massachusetts case law" on the issue and noted that Plaintiff "could find no Appellate or Supreme Judicial Court decision on point." Pl.'s Opp'n Mot. Certify 6 n.6 [#225].

That conclusion, however, was not reached because the SJC's precedent was "reasonably clear" as to the outcome, see Nieves v. Univ. of P.R., 7 F.3d 270, 275 (1st Cir. 1993), but as the result of the court's obligation to "endeavor to predict" how the SJC "would likely decide the question." Butler v. Balolia, 736 F.3d 609, 613 (1st Cir. 2013). In so doing, the court considered the text of the statute, the SJC's application of the law in easily distinguished factual circumstances, the legislature's aims in promulgating the statute as discerned by the SJC, and how other learned courts have addressed the issue. The court did not, however, conclude that the outcome was subject to any precedential opinion by the SJC.

Furthermore, the court agrees with Defendants that other factors weigh in favor of certification of this question. As evidenced by the Massachusetts Lawyers Weekly article attached to Defendants' motion, homeowners across the state may be affected by the resolution of this question. See Easthampton Sav. Bank, 736 F.3d at 52 (finding certification appropriate where the resolution of the question would "have ramifications for thousands more mortgages throughout the Commonwealth"). Relatedly, the continued absence of appellate authority may precipitate the filing of multiple suits concerning a single condominium for the sole purpose of preserving rights under the most restrictive interpretation of the Statute of Repose. Given the importance of this question to individuals and businesses across the state, strong federalism interests militate that the high court of Massachusetts provide the answer instead of this court. See Real Estate Bar Ass'n For Mass., Inc. v. Nat'l Real Estate Info. Servs., 608 F.3d 110, 119 (1st Cir. 2010) ("There are also strong federalism interests that are furthered by providing the state courts with the opportunity to decide on underlying unsettled questions of state law").

Question 2: Application of Massachusetts Statute of Repose to Subcontractors

Defendants also request that the court certify the question of "whether the trigger for

commencement of the running of the Statute of Repose differs for developers and general contractors on the one hand, and subcontractors on the other." Defs.' Mot. Certify 3 [#321].

Defendants' request to certify the second question hints at a misapprehension of the court's memorandum. The court did not conclude that, as a matter of law, the trigger for commencement of the running of the Statute of Repose differs for subcontractors as opposed to developers and general contractors. Instead, the court noted that the decision should not be read to "address the running of the statute of repose for subcontractors that performed discrete services for the developer or general contractor" because "subcontractors' discrete obligations may constitute an improvement that is subject to the running of the six-year period before the overall project is completed." Mem. and Order 13 n.4 [#319]. This clarification did not create a categorical distinction between general contractors and subcontractors as Defendants' motion for certification suggests, but instead identifies completion of the relevant improvement as the triggering event for the repose period. The court concluded, in connection with the partial summary judgment motion before the court, that the relevant improvement at issue in Plaintiff's claims was the whole Condominium development. The footnote cited by Defendants left open the possibility of coming to a different conclusion of the scope of the "improvement" under different factual circumstances. Accordingly, because question two is founded on the mistaken assumption that the court found a categorical distinction between general contractors and subcontractors in application of the Statute of Repose, the question is not appropriate for certification.

III.    Conclusion

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART Defendant's Motion to Certify [#321] and CERTIFIES the following question of Massachusetts

law to the SJC:

> Where the factual record supports the conclusion that a builder or developer was engaged
> in the continuous construction of a single condominium development comprising
> multiple buildings or phases, when does the six-year period for an action of tort relating
> to the construction of the condominium's common or limited common elements start
> running?

Accordingly, the Clerk of the Court is INSTRUCTED to forward to the Massachusetts

Supreme Judicial Court, under the official seal of this court, copies of this order and the

following documents:

- Exhibit A to Notice of Removal [#1-1] (including First Amended Complaint)

- Defendant Lennar Hingham Holdings, LLC and Hewitts Landing Trustee, LLC's
  Answer to First Amended Complaint [#24]

- Defendant Lennar Corporation's Answer to First Amended Complaint [#79]

- Defendants' Motion for Partial Summary Judgment [#212]

- Defendants' Memorandum in Support of Motion for Partial Summary Judgment
  [#213]

- Defendants' Statement of Material Facts Regarding Motion for Partial Summary
  Judgment [#214]

- Affidavit in Support of Defendants' Motion for Partial Summary Judgment [#215]
  (and attached Exhibits [#215-1 to 14])

- Plaintiffs' Opposition to Motion for Partial Summary Judgment [#225] (and attached
  Exhibits [#225-1 to 2])

- Plaintiffs' Statement of Material Facts Regarding Motion for Partial Summary
  Judgment [#226]

- Affidavit in Opposition to Motion for Partial Summary Judgment [#227] (and

attached Exhibits [#227-1 to 27])

- Defendants' Reply in Further Support of Motion for Partial Summary Judgment [#237]

- Plaintiffs' Sur-Reply in Opposition to Defendants' Motion for Partial Summary Judgment [#290]

- Memorandum and Order [#319]

IT IS SO ORDERED.

Date: January 16, 2020                                        /s/ Indira Talwani
                                                             United States District Judge